UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARTHUR FUNCHESS                                             CIVIL ACTION

VERSUS                                                      NO. 14-2105

HOWARD PRINCE, WARDEN, ET AL.                               SECTION "H" (2)

# REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Almost 36 years ago, on June 13, 1979, petitioner Arthur Funchess plead guilty to one count of second degree murder in the 21st Judicial Court for Tangipahoa Parish.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

On that same date, he was sentenced to life in prison without the possibility of parole. At the time of his guilty plea and sentence, Funchess was a juvenile offender, only 16 years old.[2]

## II.   FEDERAL HABEAS PETITION

On October 3, 2014, the clerk of this court filed Funchess's petition for federal habeas corpus relief asserting a single claim:  At the time, he was sentenced, he "was a sixteen year old juvenile sentenced to [a] mandatory life sentence without any possibility of parole," making him subject to "a state-court judgment that violates the Eighth Amendment of the United States Constitution resulting in cruel and unusual punishment;" specifically in that "[t]he state-court judgment of life without the possibility of parole for a juvenile offender is clearly in violation of the U.S. Supreme Court decision in Miller v. Alabama,"[3] 132 S. Ct. 2455 (2012).

As the United States Court of Appeals for the Fifth Circuit has explained, "In Miller, the Supreme Court held that 'the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.'" Craig v. Cain, 2013 WL 69128 (5th Cir. 2013)(citing Miller, 132 S. Ct. at 2469)). Like the petitioner in Craig, Funchess was a juvenile at the time of his 1979 sentencing, and since

---

[2]Record Doc. No. 3, Petition at ¶'s 1(a), 2, 5 and 12(a), pp. 1 and 5.

[3]Id. at ¶12 at p. 5.

2

"Miller was decided after" his sentencing, Funchess "now seeks retroactive application of Miller in this collateral attack on his sentence." Craig at *1.

The State filed a timely response in opposition to Funchess's petition.[4]

## III.   STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[5] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Funchess's petition.

The threshold questions in habeas review under AEDPA ordinarily are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). Under AEDPA's ordinarily applied substantive standards, "'[a] federal habeas court may not issue the writ simply because that court

---

[4] Rec. Doc. No. 12.

[5] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

concludes in its independent judgment that the state court decision applied [binding precedent] incorrectly.'" Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)) (brackets in original); Bell v. Cone, 535 U.S. 685, 699 (2002).

In this case, however, the ordinary AEDPA considerations, including timeliness, exhaustion, procedural default and application of the AEDPA's analytical standards, must be deferred. As the Fifth Circuit recently explained in Craig, a new rule of constitutional interpretation, like the one announced by the Supreme Court in Miller, may be applied retroactively to cases on collateral review only if it meets one of the two exceptions to "the general bar to retroactivity" of new rules [of constitutional interpretation] established by the Supreme Court in Teague v. Lane, 489 U.S. 288, 307 (1989), which is "distinct from the AEDPA inquiry." Martin v. Symmes, 2013 WL 5653447, *14 (D. Minn. Oct. 15, 2013).

In Craig, the Fifth Circuit expressly applied the Teague analysis to a retroactivity argument involving Miller identical to the argument Funchess asserts in this court. In Craig, the Fifth Circuit held that neither Teague exception applies to the Miller holding and rejected a habeas petitioner's argument that Miller has retroactive application: "The Supreme Court's decision in Miller is an outgrowth of the Court's prior decisions that pertain to individualized-sentencing determination. The holding in Miller does not

qualify as a watershed rule[] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Craig, 2013 WL 69128, *2 (quotations omitted). Thus, the Fifth Circuit denied the habeas petitioner's request for a certificate of appealability of a district court's denial of his federal habeas corpus application based solely on Miller retroactivity.

I recognize, as Funchess argues, that some courts have held that Miller announced a new, substantive rule of law that must be applied retroactively. See various decisions cited in Martin v. Symmes, 2013 WL 5653447 at *14. Like other courts, however, id., the United States Court of Appeals for the Fifth Circuit has definitively held in Craig that Miller has no retroactive application to sentences like Funchess's. Fifth Circuit decisions like Craig are binding precedent upon this lower court that must be followed.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Funchess's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[6]

New Orleans, Louisiana, this ___23rd___ day of March, 2015.

JOSEPH C. WILKINSON, JR.  
UNITED STATES MAGISTRATE JUDGE

---

[6]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.